# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NUMBER 9:24-CR-11-MAC |
| v. § | |
| § | |
| § | |
| SONJA GALE LILLY § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Petitioners, Angelina County, Texas, Angelina College District, and Lufkin Independent School District, ("Taxing Authorities"), filed a Petition for Adjudication of Interest in Property at 6938 US Highway 69S., Lufkin, Texas. Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this motion is before the undersigned United States magistrate judge for review and submission of a report with recommended findings of fact and conclusions of law.

### I. BACKGROUND

On December 11, 2024, the Government filed a motion for preliminary forfeiture of property seeking forfeiture of the Defendant's interest in: 1) currency; 2) personal property; 3) cash proceeds; and 4) two tracts of real property. (Doc. #36.) Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c) and Rule 32(b)(2) of the Federal Rules of Criminal Procedure, the court subsequently entered a Preliminary Order of Forfeiture for these items based upon the Defendant's plea of guilty to Counts One and Seven of the Indictment and her admission to the allegations contained in the Notice of Intention to Seek Criminal Forfeiture included in the

Indictment. (Doc. #37.) The Taxing Authorities have now filed a petition to preserve their lien with regard to the two tracts of real property commonly known as 6938 US Highway 69 South, Lufkin, Texas 75901. (Doc. #45.)

## II. DISCUSSION

According to 21 U.S.C. § 853(n)(3), the petition "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstance of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." Section 853(n)(6) requires a district court to amend its order of forfeiture if a petitioner can demonstrate either of the following by a preponderance of the evidence: (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

The Taxing Authorities' petition states that they levied ad valorem taxes on the subject real property for the current year as allowed by the State of Texas and the Texas Property Tax Code, and these liens were levied in good faith without any knowledge of the Defendant's criminal activity. (Doc. #45.) An accounting of the taxes assessed to the subject property were attached as an exhibit to the petition. (Doc. #45-1.) The Government has not filed a response to the petition.

The undersigned finds that the petition states sufficient facts to support the Taxing Authorities interest in the property as a valid interest not subject to forfeiture. It is therefore recommended that the petition be GRANTED, and the interest of Angelina County, Texas, Angelina College District, and Lufkin Independent School District in the property located at 6938 US Highway 69 S., Lufkin, TX is valid, and the Government shall pay the ad valorem taxes, penalty and interest assessed on the property through the date of a final order of forfeiture together with interest as allowed by law upon disposition of the forfeited property pursuant to 21 U.S.C. §§ 853, 881.

### III. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings

of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 3rd day of March, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE